IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORG F. REISINGER and ) <br> NEW CHINA FACTORIES LIMITED ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SAS GROUP INC., ) <br> ) <br> Defendant. ) | Civil Action No.   07CV6417 <br><br> Honorable Ruben Castillo <br><br> JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

Plaintiffs, Georg F. Reisinger and New China Factories Ltd, complain of Defendant, SAS Group Inc. as follows:

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35, United States Code (Count I), for copyright infringement under the copyright laws of the United States, Title 17, United States Code (Counts II and III), and unfair competition under the laws of the United States, Title 15, United States Code (Count III). This Court has exclusive jurisdiction over the subject matter under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and (b).

2. Mr. Reisinger is a citizen of Germany. He owns all right, title and interest in and has standing to sue for infringement of United States Patent No. 7,108,595 entitled "Apparatus for the Manual Sharpening of the Blades of Cutting Tools." The '595 patent is Exhibit A to this amended complaint.

3. New China Factories Ltd is a limited liability company with its office at Unit B, 9/F, 422 Jaffe Road, Hong Kong. New China is an exclusive licensee of the '595 patent. New

China is also the manufacturer of sharpening tools, including the TotalSharp® sharpening tool and the Samurai Shark™ sharpening tool. The TotalSharp® sharpening tool has been sold in the United States beginning in 2005.

4. SAS Group Inc. is a New York corporation with an office in Tarrytown, New York. SAS does business in this judicial district through the sale of sharpening products, specifically at least its Samurai Shark and Home Smart Samurai Shark sharpening tools. Sales are made in this district over the internet, via television advertising including infomercials which are broadcast in this district, and through retail stores. Exhibit B to this amended complaint depicts the SAS Samurai Shark. The sales of these products commenced in 2007.

5. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGMENT

6. Paragraphs 1 to 5 are adopted by reference.

7. SAS has infringed the '595 patent in connection with the manufacture, importation, sale, offer for sale, and use of sharpening products, including at least the Samurai Shark and the Home Smart Samurai Shark. Additional products may be identified in the course of discovery. At present, the asserted claim is claim 1 of the patent. Additional claims may be identified in the course of discovery.

8. The infringement has injured the Plaintiffs, who are entitled to recover damages adequate to compensate them for the infringement, but in no event less than a reasonable royalty.

9. On information and belief, the infringement has been willful and deliberate and has injured and will continue to injure the Plaintiffs unless and until this Court enters an injunction prohibiting further infringement of the '595 patent. For example, SAS copied the

2

instruction brochure for the Plaintiffs' TotalSharp® sharpening tool, but did not copy the phrase "pat. pending" or the word "patented" from the Plaintiffs' brochures.

## COUNT II – COPYRIGHT INFRINGEMENT

10.  Paragraphs 1 to 5 are adopted by reference.

11.  As described above, the TotalSharp® sharpening tool was sold in the United States beginning in 2005. An instruction brochure was provided with each tool. A copy of the original brochure is Exhibit C to this amended complaint.

12.  A copyright registration for the instruction brochure was received in the Copyright Office on December 10, 2007. A copy of the Form TX is Exhibit D to this amended complaint. Plaintiff Reisinger is the claimant of the original copyright, and is the owner of all exclusive rights under the Copyright Act.

13.  SAS has copied the instructional brochure and distributed copies of the brochure with its sharpening tools, thereby infringing the copyright owned by plaintiff Reisinger, in violation of 17 U.S.C. § 106. A copy of the brochure distributed by SAS is Exhibit E to this amended complaint. A comparison of Exhibits C (the original) and E (the copy) show numerous similarities. The illustration on the front cover of tools that can be sharpened is identical in both. The words at the bottom of the front cover are identical. The phrase at the top, "Sharpens virtually everything, everywhere, for everybody" are identical in text and font. The artwork is identical except for the logo and the photo of the sharpening tool itself. On the inside of the brochures, the illustrations (and the highlighting in them) are identical. Even the highlighting at the bottom right of one inside page is the same in both. The text and headings are identical.

14. The conduct of SAS constitutes continuing, direct and contributory infringement of Plaintiff Reisinger's copyright. This infringement has been deliberate and willful.

## COUNT III – COPYRIGHT INFRINGEMENT

15. Paragraphs 1 to 5 are adopted by reference.

16. A registration for copyright on the TotalSharp® sharpening tool was received in the Copyright Office on December 14, 2007. A copy of the Form VA is Exhibit F to this amended complaint. Plaintiff Reisinger is the claimant of the original copyright, and is the owner of all exclusive rights under the Copyright Act. A photograph of the TotalSharp® sharpening tool is Exhibit G to this amended complaint.

17. SAS has copied and is selling copies of the TotalSharp® sharpening tool thereby infringing the copyright owned by plaintiff Reisinger, in violation of 17 U.S.C. § 106. A photograph of the SAS product is Exhibit B to this amended complaint. The two products, Exhibits B and G, have the same outer shape, the same curved opening with sloped surfaces at one end, the same longitudinal grooves and groove curvature, the same depressed area with curved and sloped ends, and the same transverse grooves at the other end. The conduct of SAS constitutes continuing, direct and contributory infringement of Plaintiff Reisinger's copyright. This infringement has been deliberate and willful.

## COUNT IV – UNFAIR COMPETITION

18. This is a claim for trade dress infringement arising under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

19. Plaintiff Reisinger expended considerable time, effort and resources to design the Total Sharp® sharpening tool. The TotalSharp® sharpening tool has been advertised and sold by

QVC, and its non-functional features and shape have become an indication of the source of the TotalSharp® sharpening tool. As a result, this non-descriptive, non-functional trade dress is a valuable, irreplaceable asset of Plaintiffs' business.

20.     SAS copied the non-functional aspects of the TotalSharp® sharpening tool. Because of the nearly-identical look of the SAS product when compared to the TotalSharp® sharpening tool, the public is likely to believe that the SAS product is affiliated with, associated with, or sponsored by the plaintiffs. SAS's actions have been and are willful and deliberate.

21.     SAS's wrongful acts will continue unless enjoined by this Court.

22.     Plaintiffs have suffered, and will continue to suffer, substantial and irreparable harm and damage as a result of SAS's infringement of Plaintiffs' TotalSharp trade dress in an amount to be determined at trial.

## DEMAND FOR RELIEF

WHEREFORE, Mr. Reisinger and New China respectfully demand judgment against Defendant SAS and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

A.     An award of damages adequate to compensate him for the infringement that has occurred, together with prejudgment interest from the date infringement of the patent in suit began, including pre-issue damages pursuant to 35 U.S.C. § 154(d);

B.     Increased damages as permitted under 35 U.S.C. § 284;

C.     A finding that this case is exceptional and an award to Plaintiffs of their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.     That, with respect to Counts II and III, Plaintiff Reisinger recover damages

determined in accordance with 17 U.S.C. § 504, and costs including a reasonable attorneys' fee under § 505;

D. A permanent injunction prohibiting further infringement, inducement and contributory infringement of the patents in suit;

E. A permanent injunction prohibiting duplicating, distributing, or copying any copyrighted material of which Plaintiff Reisinger is the copyright registrant;

F. An order requiring the destruction or forfeiture of all infringing articles, and all means of making or reproducing the same; and,

F. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Mr. Reisinger and New China demand a trial by jury on all issues so triable.

Georg F. Reisinger
New China Ltd


/s/Joseph N. Hosteny
Joseph N. Hosteny
Arthur A. Gasey
Niro, Scavone, Haller and Niro
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
hosteny@nshn.com
gasey@nshn.com