IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORG F. REISINGER and | : | |
| NEW CHINA FACTORIES LIMITED, | : | |
| | : | |
| Plaintiffs/Counterclaim Defendants, | : | Civil Action No. 07-CV-6417 |
| | : | |
| v. | : | Honorable Ruben Castillo |
| | : | |
| SAS GROUP, INC., | : | |
| | : | |
| Defendant/Counterclaim Plaintiff. | : | |

**MEMORANDUM IN SUPPORT OF SAS GROUP, INC.'S
MOTION TO TRANSFER VENUE**

I.      NATURE AND STAGE OF THE PROCEEDING

On November 13, 2007, Plaintiff Georg F. Reisinger filed a Complaint against Defendant

SAS Group, Inc. (hereinafter, "SAS Group") alleging one count of patent infringement.  On

December 21, 2007, Plaintiffs Georg F. Reisinger and New China Factories Limited (collectively

"Reisinger" or "Plaintiffs") filed a First Amended Complaint against Defendant SAS Group,

alleging infringement of U.S. Patent No. 7,108,595 ("the patent in suit"), two counts of copyright

infringement, and one count of unfair competition.  The allegations of infringement and unfair

competition are directed to a hand-held sharpening tool for knives and the like and instructions

for use.

This memorandum is in support of Defendant SAS Group's motion to transfer this action

to the United States District Court for the Southern District of New York.  The Declaration of

Scott Sobo, President of SAS Group, is attached hereto as Exhibit A in support of this

memorandum.  The motion to transfer venue is made pursuant to 28 U.S.C. § 1404 (a).  SAS

Group's Answer to the Complaint is being filed concurrently herewith.  To this point, no

discovery has been served, and no substantive settlement negotiations have taken place.  This

action is in its earliest stages.

II.     <u>SUMMARY OF ARGUMENT</u>

1.     SAS Group is a New York corporation having its principal place of business at

220 White Plains Road, Tarrytown, New York.  (Sobo Decl., ¶ 2).  SAS Group does not have

any business offices, retail stores or warehouses located in the state of Illinois.  (Sobo Decl., ¶ 3).

 SAS Group does not have any employees residing or located in the state of Illinois.  (Sobo

Decl., ¶ 4).

2.     As alleged in the Complaint, Plaintiff Georg F. Reisinger is a citizen of Germany,

and Plaintiff New China Factories Limited has its office at Unit B, 9/F, 422 Jaffe Road, Hong

Kong.  (Complaint, ¶¶ 2-3).  Despite the fact that both Plaintiffs are citizens and residents of

foreign countries and Defendant SAS Group has its place of business in New York, Plaintiffs

chose to sue SAS Group in the Northern District of Illinois, a forum having little or no nexus to

the parties or the causes of action.  The only allegations tied to this forum relate to sales made

into Illinois via the internet, through direct response advertising, and through distribution to

retail stores (which, notably, are not owned or operated by SAS Group).  Plaintiffs' choice of

venue constitutes an egregious example of forum shopping for the purpose of amplifying SAS

Group's costs of litigation and interfering with SAS Group's ability to call key witnesses to

testify at trial.

3.     The United States District Court for the Southern District of New York is more

convenient for the parties and, accordingly, SAS Group requests transfer of this case to that

District.  The United States District Court for the Southern District of New York is clearly more convenient, and most of the key witnesses who reside in the United States are within the subpoena power of that Court.  All employees of Defendant SAS Group who are expected to be called as witnesses either reside in New York or regularly commute to work at SAS Group's headquarters in New York.  (Sobo Decl., ¶ 5).  To the contrary, Plaintiffs' key witnesses, including the named inventor of the patent in suit, do not reside within the chosen forum but rather reside outside of the United States of America.

4.      All of SAS Group's documents and things relating to the allegations set forth in the Amended Complaint are located at SAS Group's headquarters, in Tarrytown, New York. (Sobo Decl., ¶ 7).

5.      Pursuant to 28 U.S.C. § 1404 (a), a court may transfer an action to advance the convenience of the parties and witnesses, and to further the interest of justice.  None of the parties have any significant ties with the state of Illinois.  SAS Group does not have physical facilities, such as warehouses, retail stores or business offices in the state of Illinois.  SAS Group additionally does not have any employees who reside in the state of Illinois.  Neither Reisinger nor New China Factories Ltd. has business offices or manufacturing facilities in the United States, let alone in the state of Illinois.  In fact, SAS Group is not aware of a single potential fact witness who resides in Illinois or that any documents and things pertaining to this litigation are located in Illinois.  (Sobo Decl., ¶¶ 2-7).

6.      The increased convenience to the witnesses for both parties by litigating this action in the District Court for the Southern District of New York could hardly be more compelling.  SAS Group's headquarters are in Tarrytown, New York, within the subpoena power of the Southern District of New York, but clearly outside the subpoena power of the Northern

District of Illinois.  All orders for the accused products were made from SAS Group's headquarters, in Tarrytown, New York.  Furthermore, all marketing and sales decisions related to the product at issue originate from SAS Group's headquarters in New York.  (Sobo Decl., ¶ 6).  All of SAS Group's documents relative to this action are located at its headquarters in New York.  (Sobo Decl., ¶ 7).  The Southern District of New York is clearly a more convenient forum than the Northern District of Illinois.

       7.     As discussed above, neither of the Plaintiffs are residents of the United States.  Based upon the file history of the patent in suit, it is believed that all research and development with respect to the alleged invention took place at Reisinger's residence – in Germany.  Even further, the patent attorney who prosecuted the patent application resulting in the patent in suit, Jean C. Edwards, is located in the Washington, D.C. office of the law firm Akerman Senterfitt.  The sole listed inventor on the patent in suit resides outside the United States.  The inventor, the manufacturer, and the prosecuting attorney are potential witnesses, and none would be subject to the subpoena power of the Northern District of Illinois for attendance at trial.  The only real tie to the Northern District of Illinois is that Plaintiffs' attorneys are located in this District.  Thus, the District Court for the Southern District of New York is just as convenient a forum for Plaintiffs' potential witnesses.

       8.     28 U.S.C. § 1404 was adopted to benefit the defendant and is designed to remedy the kind of forum shopping procedural tactic that is attempted here by the Plaintiffs.  Subjecting SAS Group to defending this suit in Illinois is clearly an attempt to improperly use this Court to assert economic pressure to thereby prevent SAS Group from effectively defending against this action.  The Court should not sanction this conduct.

       9.     Transfer of venue to the Southern District of New York is proper since the parties

are subject to personal jurisdiction in New York, and this action could have originally been brought in New York.  The Southern District of New York is a more convenient forum for SAS Group.  No additional burden will be placed on either of the Plaintiffs, as they are both foreign residents and would have to travel whether the action is in Illinois or New York.

III.    TRANSFER OF THE ACTION IS APPROPRIATE

The present motion to transfer is based upon 28 U.S.C. § 1404 (a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Thus, a transfer to another judicial district is appropriate when the movant establishes that (1) that venue is proper in the transferor district; (2) that venue and jurisdiction are proper in the transferee district; and (3) that the transfer will serve the convenience of the parties and the witnesses and will promote the interest of justice.  *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 n.3 (7th Cir. 1986).  Further, the transferee court must be one where the action could have originally been brought.  *Kalamazoo Realty Venture Limited Partnership v. Blockbuster Enter. Corp.*, 249 B.R. 879, 889 (N.D. Ill. 2000).

The Supreme Court of the United States has offered the following guidance in considering the interests of the parties:

> An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant.  Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

Although the decision in *Gulf Oil Corp.* was made pursuant to the common law doctrine of forum non conveniens, 28 U.S.C. § 1404 vests courts with broader discretion "to grant

transfers upon a lesser showing of inconvenience" than is required to obtain dismissal under the doctrine of forum non conveniens. *Norwood v. Kirkpatrick*, 349 U.S. 29 (1955). The Supreme Court has further stated that "[t]he forum nonconveniens determination is committed to the sound discretion of the trial court … [and] its decision deserves substantial deference." *Pieper Aircraft Co. v. Reyno*, 454 U.S. 235, 242 (1982) (holding that the district court properly determined that the interests of justice favored a transfer of venue). The Seventh Circuit acknowledges the discretion of the district court, noting that the "weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude." *Coffey*, 796 F.2d at 219.

    A.    <u>Venue and Jurisdiction are Proper in the Transferee District</u>

Venue and jurisdiction in the Southern District of New York is proper. Venue is proper in a district if the defendant resides within the district. 28 U.S.C. § 1391 (c), § 1400 (b). Whether the defendant resides in the district depends upon whether they were subject to personal jurisdiction at the time the respective action was commenced. 28 U.S.C. § 1391 (c). Furthermore, venue is proper in any district with respect to an alien. 28 U.S.C. § 1391 (d).

Venue and jurisdiction are proper over SAS Group in the Southern District of New York because SAS Group resides within the district. 28 U.S.C. § 1391(c), § 1400 (b). SAS Group is a New York corporation having its principal place of business in Tarrytown, New York, which is located within the subpoena power of the Southern District of New York. Accordingly, the Southern District of New York would have personal jurisdiction over SAS Group, and venue would be proper. As this action involves federal claims, this action could have originally been brought in New York.

As foreign residents, the Southern District of New York would be a proper venue for both Plaintiff Reisinger and Plaintiff New China Factories under 28 U.S.C. § 1391(d).  Foreign residents may be sued in any judicial district, as the burden on traveling to any district would be the same.

        B.      <u>The Convenience of the Parties and Witnesses</u>

The convenience of parties and witnesses under § 1404 is generally broken down into various factors, including: (1) the plaintiff's choice of forum; (2) the location of the parties and witnesses; (3) the ease of access to sources of proof; and (4) the situs of material events.  *Von Holdt v. Husky Injection Molding Svcs.*, 887 F.Supp. 185, 190 (N.D. Ill. 1995) (granting the motion for transfer of venue and holding that "the interests of justice require that this [patent infringement] case be tried in the forum where the alleged infringement occurred and where the alleged infringer's witnesses and employees reside").

For intellectual property actions in particular, this Court has generally found that the location of the Defendant is of the utmost consideration, because the accused infringer's witnesses and evidence are critical factors in the allegations.  This Court has stated that, in intellectual property actions, "the location of the infringer's principal place of business is often the critical and controlling consideration."  *Habitat Wallpaper & Blinds, Inc. v. K.T. Scott Ltd. Partnership*, 807 F. Supp. 470 (N.D. Ill. 1992) (granting defendant's motion to transfer).  *See also SRAM Corp. v. Sunrace Roots Enterprise Co. LTD*, 953 F.Supp. 257 (N.D.Ill. 1997) (granting the motion for transfer because "intellectual property cases generally focus on the infringer's place of business"); *Von Holdt*, 887 F.Supp. at 190 ("the interests of justice require that this [patent infringement] case be tried in the forum where the alleged infringement occurred and where the alleged infringer's witnesses and employees reside."); *GEN 17, Inc. v. Sun*

*Microsystems, Inc.*, 953 F.Supp. 240 (N.D. Ill. 1997) (granting motion to transfer to alleged

infringer's home forum, where events, witnesses, and evidence were all located); *General*

*Portland Cement Co. v. Perry*, 204 F.2d 316, 3180319 (7th Cir. 1853) (granting motion to

transfer venue in a patent infringement case, reasoning that "this District has a de minimus

connection with the operative facts giving rise to the alleged infringement, which the

[defendant's home forum] has a much greater connection … as [defendant's] headquarters [is]

where the accused device was designed, tested and readied for production").

       1.    <u>Plaintiffs' Choice of Forum</u>

While the plaintiff's choice of forum is generally given weight in deciding a motion to

transfer, the Supreme Court has reasoned that "citizens or residents deserve somewhat more

deference than foreign plaintiffs" and that "federal courts have routinely given less weight to a

foreign plaintiff's choice of forum." *Pieper Aircraft,* 454 U.S. at 255-56 (citations omitted). *See*

*also Forcillo v. LeMond Fitness, Inc.*, 220 F.R.D. 550, 553 (S.D. Ill. 2004) ("[the plaintiff] is

Canadian, and in either venue he would not be litigating in his home forum."). Moreover, "the

weight given to the plaintiff's choice of forum is lessened if the chosen forum has relatively

weak connections with the operative facts giving rise to the claim." *Von Holdt*, 887 F.Supp. at

188. *See also Tensor Group, Inc. v. All Press Parts & Equip., Inc.*, 966 F.Supp. 727, 730 (N.D.

Ill. 1997) ("the deference to which [plaintiff's] choice of forum is entitled is reduced by the fact

that [the transferee forum] is the situs of material events.").

Here, the plaintiffs' choice of forum is not the home forum of either plaintiff, nor is the

home venue of any party in this action. The plaintiffs in the present action are residents of

Germany and Hong Kong, respectively. SAS Group is a resident of New York, where its

offices, documents and employees are located. The only link to this forum is sales of accused

products in the state.  These sales, however, were made through internet and telephone order, or distributed to retailers with stores in the state

The only tie that either Plaintiff has in this forum is that their counsel is local to this District.  However, this Court has explicitly stated that "the convenience of counsel is not considered in the transfer decision."  *Koos, Inc. v. Performance Indus., Inc.*, 747 F. Supp. 487, 490 (N.D. Ill. 1990).  Thus, the location of Plaintiff's attorneys should receive no consideration in determining whether a transfer should be granted.

Given that neither foreign plaintiff is suing in its home forum, and considering that the cause of action is at best only tenuously related to this forum, plaintiff's choice of venue should not impede transfer if the relevant § 1404 (a) factors point to another forum.  Accordingly, Plaintiffs' choice of forum should be given only minimal, if any, deference.

2.    New York is the Location of the Defendant and Witnesses,
       the Sources of Proof, and the Situs of Material Events

As explained above, this Court has repeatedly stated that, for intellectual property actions, transfer to the Defendant's home forum is generally proper.  *Habitat*, 807 F. Supp. at 474 ("[i]ntellectual property infringement suits often focus on the activities of the alleged infringer, its employees, and its documents; therefore, the location of the infringer's principal place of business is often the critical and controlling location.").  This Court considers the location where "[v]irtually all the acts which would constitute the alleged infringement of the property took place" in evaluating the proper forum.  *Id*. at 475.  The sources of proof in intellectual property litigations generally include documents as well as witnesses.  The location of these proofs is considered in evaluating the motion to transfer.  Actions in this Court have been transferred to "the forum where the alleged infringement occurred and where [the defendant's] witnesses and employees are located."  *Von Holdt*, 887 F.Supp. at 189.

SAS Group is a New York corporation having its principal place of business in Tarrytown, New York. (Sobo Decl., ¶ 2). All records of the company regarding the accused products are located at their New York headquarters. (Sobo Decl., ¶ 7). Moreover, all witnesses expected to testify on behalf of SAS Group reside and/or work in New York. (Sobo Decl., ¶ 5). Accordingly, it is beyond question that litigating the action in New York will substantially reduce the time, expense, and possible disruption to SAS Group's business operations than a trial in the Northern District of Illinois would entail.

Both plaintiffs are residents of countries outside the United States. They have not identified any ties to the chosen forum in its Amended Complaint such as offices or employees in the United States. As such, the burden on them to travel to New York is the same as it would be to travel to Illinois. Thus, any United States District Court would have the same level of convenience to the Plaintiffs.

The patent in suit was prosecuted before the United States Patent and Trademark Office (USPTO) by Jean C. Edwards, who is located in Washington, D.C. The attorney who prosecuted the application before the USPTO may be a witness, may be deposed and may be a trial witnesses. However, the burden on Ms. Edwards to travel to New York would not be greater than the burden to travel to Illinois, and in fact may be slightly more convenient, given the frequency and number of flights and trains that travel between New York and Washington, D.C.

Thus, the only potential United States witness for Plaintiffs will not be any less burdened by a transfer.[1]

Clearly, the location of trial affects the parties' ability to conduct a trial with live witnesses rather than being forced to read depositions to the jury, given that the subpoena power of a given district is not unlimited.  Rule 45, Fed. R. Civ. P.  If the requested transfer is approved, most of the "key witnesses" of the parties who reside in the United States, as well as expected third parties, would be within the subpoena power of the Court for the Southern District of New York.  In contrast, the subpoena power of the present Court is clearly limited, and would not encompass any of the key witnesses, since none of the witnesses of either the Plaintiffs or SAS Group are within the subpoena power of the Northern District of Illinois.

Additionally, none of the parties has a corporate office or facility of any kind in Illinois. SAS Group's headquarters is located in New York.  Plaintiff New China Factories has an office in Hong Kong, and Reisinger is a resident of Germany.  All relevant events, including conception and reduction to practice of the alleged inventions presumably took place outside of the United States.  The Defendant would clearly gain the benefit of convenience by a transfer of this action to the Southern District Court of New York, and Plaintiffs would not suffer any less convenience by the transfer.  This is clearly not a case of merely "shifting the balance of inconvenience", but rather transferring the case to a venue having ties with the cause of action and being clearly more convenient for SAS Group.

---

[1]  Assuming that the Plaintiffs will rely upon the testimony of an expert witness who resides in this District, the residence of expert witnesses bears no role in a consideration of a motion to transfer.  S*ee Amoco Oil Co. v. Mobil Oil Corp.,* 90 F.Supp.2d 958, 961 (N.D. Ill. 2000).

The witnesses, documents, sources of proof, and situs of the material events leading to the Plaintiffs' causes of action are located in New York.  In addition, the only party that resides in the United States is located in New York.  Thus, the convenience of all parties and the witnesses points strongly to trial in New York.

<div align="center">3.    The Interest of Justice in this Case Favors Transfer</div>

The interests of justice relate to "the efficient functioning of the courts, not the merits of the underlying dispute." *Coffey,* 796 F.2d at 221. The interests of justice are typically discussed with respect to: (1) the transferee court's familiarity with applicable law; (2) judicial economy; and (3) public interest in having the case resolved in a particular forum; *Id.* at 221; *SRAM*, 953 F.Supp. at 260.  The "interest of justice" factor is designedly broad, encompassing all factors considering the interests of justice.

As a threshold matter, patent law is a federal question governed exclusively by federal law.  Therefore, any Federal Court is amply suited to hear a patent case and thus, understanding of applicable law is not a detriment to transferring the case to the Southern District of New York.

With respect to judicial economy, both the Northern District of Illinois as well as the Southern District of New York are located in large urban metropolitan areas with consequently heavy dockets for their district courts.  It is therefore unlikely that a change of venue will significantly impede or accelerate the course of this action and is thus a neutral factor.

While one cannot argue that one court is more burdened than the other, one distinguishing factor which may be noted in the case of a statistical wash is judicial economy of future actions involved with the case.  In particular, it is clear that any injunctive relief that may be sought in this action would require enforcement in the defendant's resident forum, i.e., the Southern District of New York.  As a matter of efficiency and judicial economy, venue should be

placed with the Southern District of New York so that any equitable relief sought by the plaintiffs may be quickly and efficiently provided and enforced.  Certainly, an efficient resolution will be given in the transferee district, thus more weight should be given to the location and convenience of the parties and witnesses consideration.

That judicial economy will not be wasted through a transfer is further supported by the fact that this litigation is in its early stages.  A Complaint (and subsequent Amended Complaint) has recently been filed, and Defendant's response to the Amended Complaint is due to be filed by February 1, 2008.  This litigation is clearly in its most early stages, and thus the time and energy spent by the parties and this Court is at its most minimal.  Transfer at this stage will benefit the parties and the Court.

Additionally, the interest of justice is further supported by transfer in light of the fact that Reisinger, New China Factories, and SAS Group all lack ties with this forum.  Thus, not only is plaintiffs' choice of this forum inconvenient, it shows little regard for the resources of this Court. There is no sound reason for this Court to involve itself in a dispute between wholly foreign parties over a cause of action arising from circumstances virtually entirely taking place outside of the jurisdiction of this Court.  Clearly, a more appropriate forum exists in New York.

IV.    CONCLUSION

The convenience of the parties and the witnesses as well as the interest of justice strongly favor transfer to the United States District Court for the Southern District of New York.  Both Plaintiffs are foreign residents, and Defendant, SAS Group, is headquartered in New York.  All pertinent information regarding the accused products and the activities of SAS Group is in New York.  The alleged inventions were conceived and developed outside of the United States, and the named inventor resides outside of the United States.  Further, the interests of justice weigh in

- 13 -

favor of transferring this action.  Venue is proper in the Southern District of New York.  All

parties will gain the benefit of a more convenient forum if transferred to the requested venue.

Accordingly, for the reasons set forth herein, Defendant SAS Group respectfully requests

transfer of this action to the District Court for the Southern District of New York.

<div style="margin-left: 50%;">

Respectfully submitted,

</div>

Dated:  February 1, 2008

<div style="margin-left: 50%;">

/s/ David M. Dolendi
David M. Dolendi
ddolendi@lockelord.com
Locke Lord Bissell & Liddell LLP
111 S. Wacker Drive
Chicago, IL 60606
Telephone:  312-443-0202
Facsimile:  312-896-6202

Attorneys for Defendant/Counterclaim
Plaintiff SAS Group, Inc.

</div>

Of Counsel:

Glenn T. Henneberger (*pro hac vice pending*)
gthdocket@hoffmannbaron.com
Hoffmann & Baron, LLP
6900 Jericho Turnpike
Syosset, New York  11791-4407
Telephone:  516-822-3550
Facsimile:  516-822-3582

Jon A. Chiodo (*pro hac vice pending*)
jacdocket@hoffmannbaron.com
Hoffmann & Baron, LLP
6 Campus Drive
Parsippany, New Jersey 07054
Telephone:  973-331-1700
Facsimile:  973-331-1717

Kevin J. Harrington
KHarrington@homlegal.com
John T.A. Rosenthal
JRosenthal@homlegal.com
Harrington, Ocko & Monk, LLP
81 Main Street, Suite 215
White Plains, New York  10601
Telephone:  914-686-4800
Facsimile:  914-686-4824

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the foregoing

MEMORANDUM IN SUPPORT OF SAS GROUP, INC.'S MOTION TO TRANSFER VENUE

was electronically filed with the Clerk of Court using the CM/ECF system which will

automatically send e-mail notification of such filing to all attorneys of record.  This lst day of

February, 2008.

/s/ David M. Dolendi
David M. Dolendi

Attorney for Defendant/Counterclaim
Plaintiff SAS Group, Inc.

CHI1 1454942v.1