IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORG F. REISINGER and | : | |
| NEW CHINA FACTORIES LIMITED, | : | |
| | : | |
| Plaintiffs/Counterclaim Defendants, | : | Civil Action No. 07-CV-6417 |
| | : | |
| v. | : | Honorable Ruben Castillo |
| | : | |
| SAS GROUP, INC., | : | |
| | : | |
| Defendant/Counterclaim Plaintiff. | : | |

**DEFENDANT SAS GROUP, INC.'S ANSWER TO
AMENDED COMPLAINT AND COUNTERCLAIMS**

Now comes Defendant, SAS Group, Inc. (hereinafter "SAS Group"), and for its Answer to the First Amended Complaint, states as follows:

1. Defendant SAS Group admits that Plaintiffs have made a claim based upon allegations of patent infringement, copyright infringement, and unfair competition, but SAS Group denies each of those allegations. Defendant SAS Group admits that this Court has jurisdiction over each of the claims as alleged in Paragraph 1 of the Amendment Complaint.

2. Defendant SAS Group admits that a copy of U.S. Patent No. 7,108,595 is attached as Exhibit A to Plaintiffs First Amended Complaint. Defendant SAS Group is without sufficient knowledge to admit or deny the remainder of the allegations of Paragraph 2 of the Amended Complaint, and therefore denies the remainder of the allegations set forth therein.

3. Defendant SAS Group is without sufficient knowledge to admit or deny the allegations of Paragraph 3 of the Amended Complaint, and therefore denies each of the allegations set forth therein.

4. Defendant SAS Group admits that it is a New York corporation with an office in Tarrytown, New York and that it sells a Samurai Shark™ product in this district. Defendant SAS Group admits that sales of its Samurai Shark™ product commenced in 2007. SAS Group is without sufficient knowledge to admit or deny the remainder of the allegations set forth in Paragraph 4 of the Amended Complaint, and therefore denies the remainder of the allegations set forth therein.

5. Defendant SAS Group admits the allegations of Paragraph 5 of the Amended Complaint.

## COUNT I – PATENT INFRINGEMENT

6. SAS Group incorporates its answer to Paragraphs 1 through 5 above as if fully set forth herein.

7. Defendant SAS Group denies the allegations of Paragraph 7 of the Amended Complaint.

8. Defendant SAS Group denies the allegations of Paragraph 8 of the Amended Complaint.

9. Defendant SAS Group denies the allegations of Paragraph 9 of the Amended Complaint.

## COUNT II – COPYRIGHT INFRINGEMENT

10. SAS Group incorporates its answer to Paragraphs 1 through 5 above as if fully set forth herein.

11. Defendant SAS Group is without sufficient knowledge to admit or deny the allegations of Paragraph 11 of the Amended Complaint, and therefore denies each of the allegations set forth therein.

12. Defendant SAS Group is without sufficient knowledge to admit or deny the allegations of Paragraph 12 of the Amended Complaint, and therefore denies each of the allegations set forth therein.

13. Defendant SAS Group admits that Exhibit E to the Amended Complaint is a copy of the instruction brochure distributed by SAS Group.  SAS Group denies the remainder of the allegations set forth in Paragraph 13 of the Amended Complaint.

14. Defendant SAS Group denies the allegations of Paragraph 14 of the Amended Complaint.

## COUNT III – COPYRIGHT INFRINGEMENT

15. SAS Group incorporates its answer to Paragraphs 1 through 5 above as if fully set forth herein.

16. Defendant SAS Group is without sufficient knowledge to admit or deny the allegations of Paragraph 16 of the Amended Complaint, and therefore denies each of the allegations set forth therein.

17. Defendant SAS Group denies the allegations of Paragraph 17 of the Amended Complaint.

## COUNT IV – UNFAIR COMPETITION

18. Defendant SAS Group admits that Plaintiff has alleged a claim trade dress infringement, but SAS Group denies each of the allegations set forth therein.

19. Defendant SAS Group is without sufficient knowledge to admit or deny the allegations of Paragraph 19 of the Amended Complaint, and therefore denies each of the allegations set forth therein.

20. Defendant SAS Group denies the allegations of Paragraph 20 of the Amended Complaint.

21. Defendant SAS Group denies the allegations of Paragraph 21 of the Amended Complaint.

22. Defendant SAS Group denies the allegations of Paragraph 22 of the Amended Complaint.

Defendant SAS Group requests that Plaintiffs' Demands for Relief be denied, and judgment be entered in favor of Defendant SAS Group.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Upon information and belief, Defendant SAS Group states and avers that the Complaint is barred by the doctrine of laches.

### SECOND AFFIRMATIVE DEFENSE

2. Upon information and belief, Defendant SAS Group states and avers that the Complaint is barred by the doctrine of acquiescence.

### THIRD AFFIRMATIVE DEFENSE

3. Upon information and belief, Defendant SAS Group states and avers that the Complaint is barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

4. Upon information and belief, Defendant SAS Group states and avers that the Complaint is barred by the defense of waiver.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendant SAS Group does not infringe, contributorily or otherwise, the claims of United States Patent No. 7,108,595.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendant SAS Group states and avers that the claims of United States Patent No. 7,108,595 are invalid and/or unenforceable for failure to meet the statutory requirements for patentability under 35 U.S.C. § 102.

### SEVENTH AFFIRMATIVE DEFENSE

7. Defendant SAS Group states and avers that the claims of United States Patent No. 7,108,595 are invalid and/or unenforceable for failure to meet the statutory requirements for patentability under 35 U.S.C. § 103.

### EIGHTH AFFIRMATIVE DEFENSE

8. Defendant SAS Group states and avers that the claims of United States Patent No. 7,108,595 are invalid for failure to name the proper inventor(s).

### NINTH AFFIRMATIVE DEFENSE

9. Defendant SAS Group states and avers that the claims of United States Patent No. 7,108,595 are invalid and/or unenforceable based upon Plaintiffs' inequitable conduct in prosecution of the application before the U.S. Patent and Trademark Office.

### TENTH AFFIRMATIVE DEFENSE

10. Defendant SAS Group states and avers that the claims of United States Patent No. 7,108,595 are unenforceable under the doctrine of patent misuse for knowingly asserting at least one invalid and/or unenforceable claim.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Upon information and belief, Defendant SAS Group states and avers that Plaintiff has not properly marked its products and/or provided sufficient notice as required by 35 U.S.C. § 287 and, therefore, is not entitled to damages.

### TWELFTH AFFIRMATIVE DEFENSE

12. Defendant SAS Group states and avers that the Plaintiff's instruction brochure does not contain copyrightable material and is not entitled to United States copyright registration.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     Upon information and belief, Defendant SAS Group states and avers that Plaintiffs are not the authors and/or owners of the alleged copyright.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     Defendant SAS Group states and avers that Plaintiff failed to satisfy the requirements of 17 U.S.C. §412 with respect to the Plaintiffs' instruction brochure.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     Upon information and belief, Defendant SAS Group states and avers that Plaintiffs did not create the alleged design for a sharpening tool and are not entitled to a copyright registration.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     Defendant SAS Group states and avers that the Plaintiffs' design for a sharpening tool does not contain copyrightable material and is not entitled to a United States copyright registration.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Defendant SAS Group states and avers that Plaintiffs failed to satisfy the requirements of 17 U.S.C. §412 with respect to the Plaintiff's TotalSharp sharpening tool.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Defendant SAS Group states and avers that Plaintiffs' sharpening tool does not contain any elements that are entitled to trade dress protection.

## NINETEENTH AFFIRMATIVE DEFENSE

19. Defendant SAS Group states and avers that it purchased Samurai Shark products from a licensee of the '595 Patent.

## TWENTIETH AFFIRMATIVE DEFENSE

20. Defendant SAS Group states and avers that, at all times material hereto, it acted in a commercially reasonable and appropriate manner.

**SAS GROUP, INC.'S COUNTERCLAIMS AGAINST
GEORG F. REISINGER and NEW CHINA FACTORIES LIMITED**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, and for its counterclaims against the Plaintiffs/Counterclaim Defendants, Defendant/Counterclaim Plaintiff SAS Group seeks a judgment declaring that United States Patent No. 7,108,595 invalid and/or unenforceable and not infringed, that Plaintiffs/Counterclaim Defendants instruction booklet and product design are not the subject of, nor entitled to, valid copyright registrations, and/or are not infringed, and that Plaintiff/Counterclaim Defendants have infringed SAS Group's trademark rights.  In support of these claims, SAS Group alleges as follows:

**THE PARTIES**

1. SAS Group, Inc. (hereinafter "SAS Group") is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 220 White Plains Road, Tarrytown, New York.

2. As alleged in its Amended Complaint, Georg F. Reisinger ("Reisinger") is a citizen of Germany.

3. As alleged in its Amended Complaint, New China Factories, Ltd. ("New China") is a limited liability company with its office at Unit B, 9/F, 422 Jaffe Road, Hong Kong.

4. Plaintiffs/Counterclaim Defendants (hereinafter collectively "Counterclaim Defendants") allege in its Amended Complaint that Reisinger is the owner of U.S. Patent No. 7,108,595 ("the '595 patent") and that New China is an exclusive licensee of the '595 patent. Counterclaim Defendants have alleged that SAS Group infringes of the '595 patent.  SAS Group has denied the allegation of infringement.  SAS Group alleges that the '595 patent is invalid and/or unenforceable and not infringed.

5.  An actual controversy has arisen between the parties regarding the invalidity, unenforceability and/or non-infringement of the '595 patent.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1338, 2201 and 2202.

7.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – UNENFORCEABILITY OF THE '595 PATENT

8.  SAS Group hereby incorporates and reallages paragraphs 1-7 as if repeated in full herein.

9.  Upon information and belief, Counterclaim Defendants prior to and/or during the prosecution of U.S. Patent No. 7,108,595 ("the '595 patent"), were aware of information material to the patentability of the claims of the '595 patent, and intentionally failed to disclose this information to the U.S. Patent and Trademark Office ("USPTO"). The intentionally withheld material information includes, but is not limited to, a "Sharpening Shark" sharpening tool and U.S. Patent No. 6,009,774 entitled, "Device for Manually Sharpening Cutting Edges of Cutting Tools" which issued on January 4, 2000 ("the '774 patent").

10. Upon information and belief, Counterclaim Defendants were marketing and/or selling the Sharpening Shark product in the United States and were aware of the '774 patent prior to and/or during the prosecution of the '595 patent.

11. Upon information and belief, despite Counterclaim Defendants knowledge of this material prior art, including the '774 patent and the sale of the Sharpening Shark product in the United States prior to and/or during the prosecution of the '595 patent, Counterclaim Defendants,

with deceptive intent, knowingly withheld this material information from the USPTO despite its duty of disclosure under 37 C.F.R. § 1.56.

12. Based upon Counterclaim Defendants intentional withholding of material prior art during the prosecution of the '595 patent, the '595 patent is invalid and/or unenforceable for failure to comply with the requirements set forth in 37 C.F.R. §1.56.

### COUNT II – INVALIDITY OF THE '595 PATENT

13. SAS Group hereby incorporates and reallages paragraphs 1-12 as if repeated in full herein.

14. The '595 patent is invalid for failure to comply with one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

### COUNT III – NON-INFRINGEMENT O THE '595 PATENT

15. SAS Group hereby incorporates paragraphs 1-14 as if repeated in full herein.

16. SAS Group's Samurai Shark product does not infringe any valid claims in the '595 patent.

### COUNT IV – INVALIDITY AND NON-INFRINGEMENT OF THE ASSERTED COPYRIGHTS

17. SAS Group hereby incorporates and reallages paragraphs 1-16 as if repeated in full herein.

18. Upon information and belief, each of the Copyrights asserted by Counterclaim Defendants and set forth as Exhibits D and F in Plaintiffs' Amended Complaint are invalid and/or unenforceable since the works which are the subject of the copyright registrations are not owned by Counterclaim Defendants.

19. Upon information and belief, each of the Copyrights asserted by Counterclaim Defendants and set forth as Exhibits D and F in Plaintiffs' Amended Complaint are invalid and/or unenforceable as they lack originality.

20. Upon information and belief, each of the Copyrights asserted by Counterclaim Defendants and set forth as Exhibits D and F in Plaintiffs' Amended Complaint are invalid and/or unenforceable as they lack copyrightable subject matter.

21. SAS Group has not committed any acts constituting infringement with respect to the Copyrights asserted by Counterclaim Defendants and set forth as Exhibits D and F in Plaintiffs' Amended Complaint.

22. Based upon the allegations set forth herein, each of the Copyrights asserted by Counterclaim Defendants and set forth as Exhibits D and F in Plaintiffs' Amended Complaint are invalid and/or unenforceable.

## COUNT V – TRADEMARK INFRINGEMENT

23. SAS Group hereby incorporates and reallages paragraphs 1-22 as if repeated in full herein.

24. SAS Group is the owner of the trademark "Samurai Shark" for the goods related to sharpening tools. SAS Group has sold and continues to sell sharpening tools bearing the trademark "Samurai Shark" throughout the United States.

25. SAS Group has filed a trademark application for the mark "Samurai Shark", which has been assigned U.S. Trademark Application Serial No. 77/290,632 and for the mark for "Home Smart Samurai Shark", which has been assigned U.S. Trademark Application Serial No. 77/282,069.

26. Upon information and belief, Counterclaim Defendants have made, sold and/or imported into the United States sharpening tools bearing the trademark "Samurai Shark".

27. Counterclaim Defendants use of the mark "Samurai Shark" on sharpening tools constitutes trademark infringement of SAS Group's trademark rights under 15 U.S.C. § 1114 *et seq*.

## PRAYER AND RELIEF

WHEREFORE, SAS Group prays that this Court enter a judgment:

A. Dismissing the Amended Complaint against SAS Group with prejudice.

B. Declaring that the '595 patent is invalid and/or unenforceable and not infringed.

C. Enjoining and restraining Plaintiffs/Counterclaim Defendants, their respective agents, servants, employees and attorneys, and all those in active participation or privity with any of them, from asserting that SAS Group or its customers infringe the '595 patent, from representing to others that SAS Group is liable for patent infringement, and from otherwise interfering in any way with the manufacture, use and/or sale of sharpening tools by SAS Group.

D. Declaring that this is an exceptional case under Title 35, United States Code Section 285 and awarding SAS Group its attorneys' fees and costs.

E. For a judgment declaring that each of the asserted copyrights is invalid and/or unenforceable and not infringed.

F. For a judgment declaring that SAS Group has not committed any acts which constitute unfair competition.

G. For a judgment that Plaintiffs/Counterclaim Defendants infringe SAS Group's trademark rights in the mark "Samurai Shark" and permanently enjoining any further use of the mark or any colorable imitation thereof.

H. Requiring Plaintiffs/Counterclaim Defendants to pay SAS Group's costs and attorney fees pursuant to 17 U.S.C. §505.

I. Awarding such other or further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, trial by jury is requested for all issues triable by jury, including all counterclaims.

                            Respectfully submitted,

Dated: February 1, 2008               /s/ David M. Dolendi
                            David M. Dolendi
                            ddolendi@lockelord.com
                            Locke Lord Bissell & Liddell LLP
                            111 S. Wacker Drive
                            Chicago, IL 60606
                            Telephone: 312-443-0202
                            Facsimile: 312-896-6202

                            Attorneys for Defendant/Counterclaim
                            Plaintiff SAS Group, Inc.

Of Counsel:

Glenn T. Henneberger (*pro hac vice pending*)
gthdocket@hoffmannbaron.com
Hoffmann & Baron, LLP
6900 Jericho Turnpike
Syosset, New York 11791-4407
Telephone: 516-822-3550
Facsimile: 516-822-3582

Jon A. Chiodo (*pro hac vice pending*)
jacdocket@hoffmannbaron.com
Hoffmann & Baron, LLP
6 Campus Drive
Parsippany, New Jersey 07054
Telephone: 973-331-1700
Facsimile: 973-331-1717

Kevin J. Harrington
KHarrington@homlegal.com
John T.A. Rosenthal
JRosenthal@homlegal.com
Harrington, Ocko & Monk, LLP
81 Main Street, Suite 215
White Plains, New York 10601
Telephone: 914-686-480

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a true and correct copy of the foregoing DEFENDANT SAS GROUP, INC.'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record. This lst day of February, 2008.

/s/ David M. Dolendi
David M. Dolendi

Attorney for Defendant/Counterclaim
Plaintiff SAS Group, Inc.

CHI1 1454962v.1