IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORG F. REISINGER and ) | |
| NEW CHINA FACTORIES LIMITED ) | |
| ) | |
| Plaintiffs, ) | Civil Action No.    07CV6417 |
| ) | |
| v. ) | Honorable Ruben Castillo |
| ) | |
| SAS GROUP INC., ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

**PLAINTIFFS' REPLY TO SAS GROUP, INC.'S COUNTERCLAIMS
AGAINST GEORG F. REISINGER and NEW CHINA FACTORIES LIMITED**

Plaintiffs, Georg F. Reisinger and New China Factories Limited (collectively, "Plaintiffs") hereby respond to SAS Group Inc.'s Counterclaims as follows.

**THE PARTIES**

1. SAS Group, Inc. (hereinafter "SAS Group") is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 220 White Plains Road, Tarrytown, New York.

**Response:**

Admitted.

2. As alleged in its Amended Complaint, Georg F. Reisinger ("Reisinger") is a citizen of Germany.

**Response:**

Admitted.

3.     As alleged in its Amended Complaint, New China Factories, Ltd. ("New China") is a limited liability company with its office at Unit B, 9/F, 422 Jaffe Road, Hong Kong.

**Response:**

Admitted.

4.     Plaintiffs/Counterclaim Defendants (hereinafter collectively "Counterclaim Defendants") allege in its Amended Complaint that Reisinger is the owner of U.S. Patent No. 7,108,595 ("the '595 patent") and that New China is an exclusive licensee of the '595 patent. Counterclaim Defendants have alleged that SAS Group infringes of the '595 patent. SAS Group has denied the allegation of infringement. SAS Group alleges that the '595 patent is invalid and/or unenforceable and not infringed.

**Response:**

Admitted that Plaintiffs have all exclusive rights, title and interest in the '595 patent and that SAS purports to make such allegations and denials. Otherwise, denied.

5.     An actual controversy has arisen between the parties regarding the invalidity, unenforceability and/or non-infringement of the '595 patent.

**Response:**

Admitted.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1338, 2201 and 2202.

**Response:**

Admitted.

7.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**Response:**

Admitted.

## COUNT I – UNENFORCEABILITY OF THE '595 PATENT

8.　　SAS Group hereby incorporates and realleges paragraphs 1-7 as if repeated in full herein.

**Response:**

Plaintiffs incorporate by reference their responses to paragraphs 1-7 above.

9.　　Upon information and belief, Counterclaim Defendants prior to and/or during the prosecution of U.S. Patent No. 7,108,595 ("the '595 patent"), were aware of information material to the patentability of the claims of the '595 patent, and intentionally failed to disclose this information to the U.S. Patent and Trademark Office ("USPTO"). The intentionally withheld material information includes, but is not limited to, a "Sharpening Shark" sharpening tool and U.S. Patent No. 6,009,774 entitled, "Device for Manually Sharpening Cutting Edges of Cutting Tools" which issued on January 4, 2000 ("the '774 patent").

**Response:**

Denied.

10.　　Upon information and belief, Counterclaim Defendants were marketing and/or selling the Sharpening Shark product in the United States and were aware of the '774 patent prior to and/or during the prosecution of the '595 patent.

**Response:**

Denied.

11.　　Upon information and belief, despite Counterclaim Defendants knowledge of this material prior art, including the '774 patent and the sale of the Sharpening Shark product in the United States prior to and/or during the prosecution of the '595 patent, Counterclaim Defendants, with deceptive intent, knowingly withheld this material information from the USPTO despite its duty of disclosure under 37 C.F.R. § 1.56.

**Response:**

Denied.

3

12. Based upon Counterclaim Defendants intentional withholding of material prior art during the prosecution of the '595 patent, the '595 patent is invalid and/or unenforceable for failure to comply with the requirements set forth in 37 C.F.R. §1.56.

**Response:**

Denied.

### COUNT II – INVALIDITY OF THE '595 PATENT

13. SAS Group hereby incorporates and realleges paragraphs 1-12 as if repeated in full herein.

**Response:**

Plaintiffs incorporate by reference their responses to paragraphs 1-12 above.

14. The '595 patent is invalid for failure to comply with one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Response:**

Denied.

### COUNT III – NON-INFRINGEMENT O THE '595 PATENT

15. SAS Group hereby incorporates paragraphs 1-14 as if repeated in full herein.

**Response:**

Plaintiffs incorporate by reference their responses to paragraphs 1-12 above.

16. SAS Group's Samurai Shark product does not infringe any valid claims in the '595 patent.

**Response:**

Denied.

## COUNT IV – INVALIDITY AND
## NON-INFRINGEMENT OF THE ASSERTED COPYRIGHTS

17. SAS Group hereby incorporates and realleges paragraphs 1-16 as if repeated in full herein.

**Response:**

Plaintiffs incorporate by reference their responses to paragraphs 1-16 above.

18. Upon information and belief, each of the Copyrights asserted by Counterclaim Defendants and set forth as Exhibits D and F in Plaintiffs' Amended Complaint are invalid and/or unenforceable since the works which are the subject of the copyright registrations are not owned by Counterclaim Defendants.

**Response:**

Denied.

19. Upon information and belief, each of the Copyrights asserted by Counterclaim Defendants and set forth as Exhibits D and F in Plaintiffs' Amended Complaint are invalid and/or unenforceable as they lack originality.

**Response:**

Denied.

20. Upon information and belief, each of the Copyrights asserted by Counterclaim Defendants and set forth as Exhibits D and F in Plaintiffs' Amended Complaint are invalid and/or unenforceable as they lack copyrightable subject matter.

**Response:**

Denied.

21. SAS Group has not committed any acts constituting infringement with respect to the Copyrights asserted by Counterclaim Defendants and set forth as Exhibits D and F in Plaintiffs' Amended Complaint.

**Response:**

Denied.

22. Based upon the allegations set forth herein, each of the Copyrights asserted by Counterclaim Defendants and set forth as Exhibits D and F in Plaintiffs' Amended Complaint are invalid and/or unenforceable.

**Response:**

Denied.

## COUNT V –TRADEMARK INFRINGEMENT

23. SAS Group hereby incorporates and realleges paragraphs 1-22 as if repeated in full herein.

**Response:**

Plaintiffs incorporate by reference their responses to paragraphs 1-22 above.

24. SAS Group is the owner of the trademark "Samurai Shark" for the goods related to sharpening tools. SAS Group has sold and continues to sell sharpening tools bearing the trademark "Samurai Shark" throughout the United States.

**Response:**

Denied that SAS is the owner of that mark. Admitted that SAS sells and continues to sell tools bearing "Samurai Shark" in at least this district. Otherwise denied.

25. SAS Group has filed a trademark application for the mark "Samurai Shark," which has been assigned U.S. Trademark Application Serial No. 77/290,632 and for the mark for "Home Smart Samurai Shark," which has been assigned U.S. Trademark Application Serial No. 77/282,069.

**Response:**

Plaintiffs admit that SAS has attempted to obtain a trademark on "Samurai Shark."

Otherwise, denied.

26. Upon information and belief, Counterclaim Defendants have made, sold and/or imported into the United States sharpening tools bearing the trademark "Samurai Shark."

**Response:**

Denied.

27. Counterclaim Defendants use of the mark "Samurai Shark" on sharpening tools constitutes trademark infringement of SAS Group's trademark rights under 15 U.S.C. § 1114 et seq.

**Response:**

Denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Upon information and belief, SAS' claims are barred by the doctrine of laches.

### SECOND AFFIRMATIVE DEFENSE

2. Upon information and belief, SAS' claims are barred by the doctrine of

acquiescence.

### THIRD AFFIRMATIVE DEFENSE

3. Upon information and belief, SAS' claims are barred by the doctrine of estoppel

### FOURTH AFFIRMATIVE DEFENSE

4. Upon information and belief, SAS' claims are barred by the defense of waiver.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendant SAS is not the owner or the first to use its alleged trademark in

commerce.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, trial by jury is requested for all issues triable by jury, including all counterclaims.

Respectfully submitted,

Georg F. Reisinger
New China Ltd


/s/Joseph N. Hosteny
Joseph N. Hosteny
Arthur A. Gasey
Niro, Scavone, Haller and Niro
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
hosteny@nshn.com
gasey@nshn.com

**CERTIFICATE OF SERVICE**

I certify that on February 25, 2008, I electronically filed the **PLAINTIFFS' REPLY TO SAS GROUP, INC.'S COUNTERCLAIMS AGAINST GEORG F. REISINGER and NEW CHINA FACTORIES LIMITED** with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| David M. Dolendi<br>Locke Lord Bissell & Liddell LLP<br>111 S. Wacker Drive<br>Chicago, IL 60606<br>Telephone: 312-443-0202<br>Facsimile: 312-896-6202 | ddolendi@lockelord.com |
| Glenn T. Henneberger<br>Hoffmann & Baron, LLP<br>6900 Jericho Turnpike<br>Syosset, New York  11791-4407<br>Telephone:  516-822-3550<br>Facsimile:  516-822-3582 | GHenneberger@HoffmannBaron.com |

A courtesy copy of this document is also being sent by hand delivery to Judge Ruben Castillo.

/s/ Joseph N. Hosteny